# In the United States Court of Federal Claims

No. 12-353C

(Filed: February 15, 2013)
**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **J.C.N. CONSTRUCTION, INC.,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **UNITED STATES,** | ) |
|  | ) |
| **Defendant.** | ) |
|  | ) |

Robert J. Symon, Bradley Arant Boult Cummings LLP, Washington, D.C., for plaintiff.

Courtney S. McNamara, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Stuart F. Delery, Principal Deputy Assistant Attorney General, and Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## ORDER FOR FINAL JUDGMENT

LETTOW, Judge.

In an earlier opinion resolving cross-motions for judgment on the administrative record, this court found that the defendant, the United States Postal Service ("the government" or "Postal Service"), had acted in an arbitrary and capricious manner when it overstated the scope of work in Solicitation No. 072382-12-A-0004 ("Solicitation II") and inappropriately handled insurance and bonding costs in connection with that solicitation. *See J.C.N. Constr., Inc. v. United States*, 107 Fed. Cl. 503, 513-14 (2012). Because of the violations, the court concluded that plaintiff, J.C.N. Construction, Inc. ("J.C.N."), was entitled to recover bid preparation and proposal costs pursuant to 28 U.S.C. § 1491(b)(2). *Id*. at 518. It directed J.C.N. to submit a reckoning of its costs and the government to submit a response, *id*., both of which are now pending before the court.

J.C.N. alleges it incurred bid preparation and proposal costs in the amount of $40,311.99. Pl.'s Reckoning of its Reasonable Bid Preparation and Proposal Costs ("Pl.'s Reckoning"), ECF No. 60. It submits a delineation of those costs in an affidavit filed by J.C.N.'s executive vice

president, Steven Bennett. *See* Pl.'s Reckoning, Ex. 1 ("Bennett Aff."). The government has responded with objections: first, that the reckoning is inappropriate because it includes costs related to Solicitation No. 082530-11-A-0042 ("Solicitation I"), an earlier, related solicitation that resulted in a contractual award that was terminated after J.C.N.'s agency-level protests were sustained, and second, that J.C.N. did not provide sufficient evidence to support its claims for labor and additional costs. Def.'s Resp. to Pl.'s Submission Regarding Bid Preparation and Proposal Costs ("Def.'s Resp."), ECF No. 67, at 2-4.

The government's claim that J.C.N. should not be reimbursed for costs pertaining to the first solicitation because decisions related to it "were not under review by the [c]ourt," Def.'s Resp. at 2-3, is without merit. In the circumstances of the case, J.C.N.'s preparation costs associated with Solicitation II necessarily subsumed its costs in connection with preparing a bid for Solicitation I. As the court found in its prior opinion, Solicitation II "appeared to reflect only small changes in the scope of work from Solicitation I." *J.C.N. Constr., Inc.*, 107 Fed. Cl. at 513. This is evidenced by the government's own actions in connection with Solicitation II, for which it did not actually award a new contract. Instead, it modified the existing contract that had been entered under Solicitation I, ostensibly to account for work already completed and work to be added in connection with Solicitation II, resulting in a small total contract price increase of about 15 percent. *See id.* at 508-09. The Postal Service, however, listed work to be accomplished in Solicitation II that had actually been performed under the contract awarded pursuant to Solicitation I, before that contract was terminated. The Service had treated offerors unequally because the offeror which had been awarded the first contact had access to the actual work details, including especially the overstatement in Solicitation II of the work to be performed, that were not available to other offerors, including J.C.N. The first awardee thus had an unfair advantage in the second solicitation and was able to secure that contract as well. Additionally, bonding costs respecting the second award were not required because the bonds obtained for the first award were carried over to the second. In short, the Postal Service inextricably tied the two solicitations, and J.C.N. logically and legitimately can claim bid preparation and proposal costs related to Solicitation I as well as Solicitation II.

Bid preparation and proposal costs encompass expenses incurred in preparing, submitting, and supporting bids and proposals for potential government contracts. These costs are allowed to the extent that they are both allocable and reasonable. *See Geo-Seis Helicopters, Inc. v. United States*, 79 Fed. Cl. 74, 80 (2007). "Expenses compensable as bid preparation costs are those in the nature of researching specifications, reviewing bid forms, examining cost factors, and preparing draft and actual bids." *Geo-Seis*, 79 Fed. Cl. at 80 (citing *Lion Raisins, Inc. v. United States*, 52 Fed. Cl. 629, 631 (2002)). The plaintiff bears the burden of proving that it is entitled to recover its costs. *Lion Raisins*, 52 Fed. Cl. at 631. Contemporaneous records are not required to meet this burden of proof; rather, "[s]ummaries based on reviewing task records, other documents, and personal observations constitute sufficient documentation to support a claim for proposal costs." *Geo-Seis*, 79 Fed. Cl. at 80 (citing *Impresa Construzioni Geom. Domenico Garufi v. United States*, 61 Fed. Cl. 175, 183 (2004)).

The preferred protocol in addressing bid preparation and proposal costs calls for labor-related costs to be calculated using actual rates of compensation, reflecting a yearly salary or hourly wage plus the cost of the fringe benefits of employees associated with bid preparation. *See Geo-Seis*, 79 Fed. Cl. at 80; *Lion Raisins*, 52 Fed. Cl. at 634. Conceptually, this method of

calculation makes whole a plaintiff harmed by improper governmental action in connection with a procurement, while ensuring that the compensation does not provide a margin of profit on top of expended cost. *See Gentex Corp. v. United States*, 61 Fed. Cl. 49, 54 (2004) ("[B]id proposal costs must be based upon *actual rates of compensation*, plus reasonable overhead and fringe benefits, and not market rates." (emphasis in original) (internal citations omitted)); *see also Lion Raisins*, 52 Fed. Cl. at 635 (noting that claimed costs cannot include profit).

In his affidavit, Mr. Bennett calculates his company's labor expenses by multiplying the "hourly rate" of each employee by the hours he or she spent preparing the bids. *See* Bennett Aff., ¶¶ 7-13. Mr. Bennett's descriptions of the work each employee completed to prepare the bid proposals are specific, and the hours and costs associated with each employee are reasonable. Mr. Bennett's hourly rate calculations do not, however, use the preferred method for calculating such costs in bid protest cases. Accordingly, the court deducts 15 percent from J.C.N.'s claimed labor expenses, which totaled $39,186.99. Therefore, J.C.N. is awarded $33,308.94 for labor costs.

J.C.N. also claims that is entitled to recover $1,125.00 in direct costs related to the preparation and submission of its proposals submitted in response to Solicitation I and Solicitation II. The direct costs sought include approximations of money spent in connection with copying, FedEx deliveries, miscellaneous supplies, project plans, and a site visit. Bennett Aff. ¶ 14. All of these expenses are typically viewed as recoverable bid preparation and proposal costs. *See Geo-Seis*, 79 Fed. Cl. at 81 (allowing for recovery of costs associated with travel to attend a pre-solicitation conference, FedEx deliveries, printing, and obtaining a legal opinion). Again, although these costs appear to be reasonable and allocable, J.C.N. has not claimed them in a preferable manner. Instead of providing documentation of the costs incurred in an exhibit, Mr. Bennett has averred that his totals are approximations of actual money spent. Because of this, the court deducts 25 percent from J.C.N.'s claimed direct expenses. Therefore, J.C.N. is awarded $843.75 in direct costs.

For the foregoing reasons, J.C.N. is awarded bid preparation and proposal costs consisting of $33,308.94 for labor costs and $843.75 for direct costs. The clerk shall enter judgment for plaintiff in the total amount of $34,152.69.

No other costs are awarded.

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge

3